

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBTISSAM ATWI, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a South Dakota corporation; WELLS FARGO & CO., a California corporation; and DOES 1-50,<br><br>                Defendants. | CASE NO. SACV13-00955 CJC (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order Exhibit "A" ("Stipulation") filed on October 25, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs II(1)(e), II(2), II(3), V(1), V(2), VI(2), VIII(2), and VIII(3) of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Confidential – Attorneys' Eyes Only, or other

designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Confidential – Attorneys' Eyes Only, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, Confidential – Attorneys' Eyes Only, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public

viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO FILINGS UNDER SEAL.**

## TERMS OF PROTECTIVE ORDER

### I.    DESIGNATING PROTECTED MATERIAL

Any Party or Third-Party may determine in good faith whether any Material should be designated as "CONFIDENTIAL" ("Designating Party").  However, such good faith belief must be based on the fact that such information has not been made public and the Designating Party must have a good faith belief that if such information is disclosed it will have the effect of causing harm to a Party's competitive position or otherwise impinge upon a Party's right to privacy.

Parties and Third-Parties shall also have the right to designate as "CONFIDENTIAL" material produced, served, or provided by other Parties or Third-Parties, in which case the Designating Party shall notify the other Parties and/or Third-Parties of the Material that should be treated as "CONFIDENTIAL," pursuant to this Protective Order.  Any Material, or any part thereof, designated as "CONFIDENTIAL" shall be used only for the preparation and trial of this action,

including discovery, pre-trial proceedings, trial, appellate proceedings and petitions for reconsideration and/or review, and shall not be used for any business, commercial, or other purpose.  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, any Material that a Party or Third-Party deems "CONFIDENTIAL" must be clearly so designated.  Designation in conformity with this Protective Order requires the following:

1.    For Material in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party producing the documents shall affix the legend "CONFIDENTIAL" at the top or bottom or by watermarking of each page of a document that contains Confidential Information. The Designating Party that makes original documents available for inspection need not designate them for protection under this Protective Order until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all documents made available for inspection shall be deemed "CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents qualify for protection under this Protective Order; then, before producing the specified documents, the producing Party must affix the legend "CONFIDENTIAL" to each page of the documents that contain Confidential Information.  If, after production, a Party or Third-Party designates as "CONFIDENTIAL" documents not previously designated, then any Party in possession of such documents shall designate the documents as such in accordance with this Protective Order.

2.    For testimony given in deposition, the Designating Party shall identify either:  (a) on the record before the close of the deposition; or (b) within 20 days after receiving the transcript of such deposition, all portions of the testimony that it wants to designate as "CONFIDENTIAL."  Only those portions of the testimony that are designated for protection during the deposition, or within the 20 days after

receipt of the transcript of such testimony, shall be covered by the provisions of this Protective Order.  The court reporter shall affix to the top or bottom of each page of a transcript containing Confidential Information the legend "CONFIDENTIAL" as instructed by a Designating Party's instructions.   For testimony given in pretrial, trial proceedings, or any such court proceedings, the Parties will address any Confidential Information with the judicial officer conducting the proceeding at the time of any such proceeding.

3.      For any Material produced in other than documentary form and for any other tangible items, the Designating Party producing such Material or tangible item shall affix in a prominent place on the exterior of the container or containers in which the material or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.  If, after production, a Party or Third-Party designates as "CONFIDENTIAL" any non-documentary Material or tangible item not previously designated, then any Party in possession of such Material or tangible item shall designate it as such in accordance with this Protective Order.

## II.      ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

1.      Subject to paragraph 3 below, all Material designated as "CONFIDENTIAL" may be disclosed only to:

a.      Outside counsel for a Party and in-house counsel for Defendants responsible for overseeing this action, as well as their employees and other persons or entities retained by such counsel to provide litigation-related services;

b.      Experts, consultants, and other independent contractors retained or employed to consult with, advise, or assist counsel for a Party in the preparation or trial of this case, as well as their employees;

c.      The Parties to this action and their current directors, officers, and employees;

5

d.      Witnesses who are being prepared by counsel to give testimony at a deposition or at trial, or who are being examined by counsel at a deposition or at trial; and

e.      Personnel employed by the United States District Court for the Central District of California or any appellate court, including the Ninth Circuit Court of Appeals, **judges**, court reporters, clerks, and administrative support personnel.

2.      A Designating Party may designate as "CONFIDENTIAL-ATTORNEYS EYES ONLY" any Material that contains private, confidential, proprietary, and/or trade secret information that is so sensitive that such Material should not be disclosed to the directors, officers, or non-attorney employees of other Parties.  Material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only to those persons and entities identified in paragraph **II**(1) (a), (b) and (e) above.

3.      Parties shall take appropriate measures to ensure that all persons permitted access to Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under paragraph **II**(1) (b), (c) or (d) of this Stipulated Protective Order have agreed, prior to reviewing any such Confidential Information, to be bound by the terms and conditions hereof with respect to the restricted disclosure and use of such Confidential Information.  Prior to receiving any Confidential Information, those persons shall sign a copy of the statement attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order and submitting to the jurisdiction of the United States District Court for the Central District of California to enforce this Protective Order.  The Party who obtains any such signed statements shall retain possession of the statements and shall provide a copy of the statements at the written request of another Party.  However, under no circumstances shall any Party be required to disclose the identity or existence of any expert, consultant, or witness until

otherwise required to do so by law or order of the United State District Court for the Central District of California **or other court of competent jurisdiction**.

### III.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

If, at any time during the pendency of this action, counsel for any Party wishes to challenge a Designating Party's designation of Material as containing Confidential Information, and to exclude such Material from the provisions of this Protective Order, the Party shall follow the procedures for seeking judicial intervention for discovery disputes, as set forth in Local Rule 37.1.   The Parties shall also first meet and confer in a good faith effort to resolve informally any disputes concerning this Protective Order before seeking judicial intervention.

### IV.   INADVERTENT OR UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

Inadvertent production without prior designation of any Confidential or privileged Information shall be without prejudice to a Designating Party's right to later file a petition seeking to have the Confidential or privileged Information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or to any other Party's right to argue that production of such Confidential Information constitutes a waiver under applicable law of the right to designate any Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or that such material must be returned as privileged.

### V.   MAINTENANCE AND FILING OF CONFIDENTIAL INFORMATION

1.   All Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be kept in secure facilities.  A "secure facility" is a place where access is restricted to only to those designated persons set forth in paragraphs **II**(1)(a) and (b) of this Protective Order.

Such requirement is not applicable to the Court **and/or those designated persons set forth in paragraph II(1)(e).**

2.     Any information, including, but not limited to, documents, interrogatory responses, and depositions designated as containing Confidential Information, **when** submitted to the Court **as part of or** with a pleading or as evidence, shall be **submitted** to the Court **with an application to file such materials under seal, which shall comply with the requirements of Local Rule 79.5-1 et seq. and this Protective Order.**  Pending a judicial ruling on the application, the Confidential Information subject to the sealing application shall be lodged under seal.

3.     Documents or other information designated as containing Confidential Information pursuant to this Protective Order shall become public absent a separate Court order upon written motion and sufficient cause shown.

4.     Nothing in this **Protective Order** requires the Court to automatically grant a request to file documents labeled "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" under seal.

## VI.    CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1.     The terms of this Protective Order shall apply to all manner and means of discovery, including subpoenas duces tecum.

2.     In the event that a Party is served with a subpoena that seeks to compel the production of Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Party upon whom the subpoena is served shall give written notice of the subpoena to the Designating Party at least seven (7) calendar days before the production date (or, if the subpoena provides less than seven (7) days notice, within one (1) business day after service of the subpoena).  The Designating Party may then file a petition or motion to quash the subpoena and/or obtain such other relief as will protect the

confidential nature of the documents.  If the Designating Party files such a petition before the production date specified in the subpoena, the Party upon whom the subpoena is served shall not produce the requested documents until after the United States District Court for the Central District of California or **other** appropriate court has ruled on the petition or motion.  **Nothing in this Protective Order should be construed as authorizing a Party in this action to disobey a lawful directive from another court.**

## VII.   FINAL DISPOSITION

Within thirty (30) days after the final termination of this action, counsel for each Party shall destroy any and all Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and shall destroy all copies, digests or summaries which have been made of, or prepared from, such Confidential Information, and shall provide counsel for the Party or Third-Party who produced such Material (upon request) with a declaration under penalty of perjury attesting to such return and/or destruction.  For purposes of this Protective Order, the term "final termination" shall refer to the time after any final order or award is entered in this action, with no timely petition for reconsideration or petition for review having been filed, or, if any such petition is filed, after a final decision is rendered by the United States District Court or any appellate court with no further petition or appeal pending or possible.

## VIII.  MISCELLANEOUS

1.       Subject to the Provision of Paragraph VI(2), above, nothing in this Protective Order shall be construed to relieve any Party from the obligation to timely respond to a discovery request, nor shall this Protective Order be construed as a waiver of the right to assert any objection to a discovery request.

2.       This Protective Order is intended to regulate the production and dissemination of Confidential Information during the entirety of this action, and thereafter shall remain in full force and effect, unless and until modified,

superseded, or terminated by written agreement of all Parties or by order of the United States District Court.  The United States District Court for the Central District of California shall retain jurisdiction to enforce the provisions of this Protective Order and to enter amendments, modifications, and additions to this Protective Order as the United States District Court for the Central District of California may from time to time deem appropriate upon noticed motion of a Party or upon the United States District Court for the Central District of California's own motion.

3.      Counsel for both parties shall **present to the district court, at the earliest possible time prior to trial, any application or motion deemed appropriate and necessary for the proper handling of "CONFIDENTIAL" exhibits/information at trial.**

4.      Nothing in this **Protective Order** shall be construed as improperly limiting the rights of third parties involved in other actions to conduct discovery or to limit the subpoena power of another court unless a Court grants a properly noticed motion for protective order in such other proceedings.

**IT IS SO ORDERED.**

Dated:  October 29, 2013

_Margaret A. Nagle_

_____

MARGARET A. NAGLE

UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the attached Protective Order entered in the case entitled *Ibtissam Atwi v. Wells Fargo Bank N.A. et al.,* CASE NO. SACV13-00955 CJC-MAN, pending in the United States District Court for the Central District of California and **is** familiar with its terms. **He/She** agrees to comply with the terms and conditions of the Protective Order unless and until **he/she is** notified that it has been modified or vacated by the Court, at which time **h/she** will comply with such further order. **He/she** further consents and submits to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the Protective Order, if necessary.

Dated: _____

Signature: _____
Type or print name of individual