**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00955-CJC(MANx)                         Date:  January 21, 2014

Title: <u>IBTISSAM ATWI V. WELLS FARGO, N.A., ET AL.</u>

PRESENT:

### <u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>

<u>Michelle Urie</u>                                  <u>    N/A    </u>
Deputy Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

  None Present                                         None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING ACTION FOR LACK OF JURISDICTION**

        Plaintiff Ibtissam Atwi originally filed the present action in California Superior Court against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Wells Fargo & Co. (together, "Defendants").  The Complaint alleges causes of action related to Plaintiff's employment with Wells Fargo.  (Dkt. No. 2 ["App. to Notice of Removal"] Exh. A. ["Compl."].)  On June 24, 2013, Wells Fargo removed the action to this Court solely on the basis of diversity jurisdiction.  (Dkt. No. 1 ["Notice of Removal"].)  On January 6, 2014, based on persuasive precedent from other district courts in this circuit that found Wells Fargo to be a citizen of California, the Court issued an Order to Show Cause why the case should not be remanded for lack of subject matter jurisdiction.  (Dkt. No. 5.)  Wells Fargo submitted a timely opposition to the Court's Order.  (Dkt. No. 16.)

        Whether subject matter jurisdiction exists may be raised by the Court *sua sponte* at any time.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action.  28 U.S.C. § 1441(b).  A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00955-CJC(MANx)                    Date: January 21, 2014
                                                    Page 2

---

exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  The defendant removing the action to
federal court bears the burden of establishing that the district court has subject matter
jurisdiction over the action, and the removal statute is strictly construed against removal
jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction
must be rejected if there is any doubt as to the right of removal in the first instance.").

     The United States Code provides that "[a]ll national banking associations shall, for
the purposes of all other actions by or against them, be deemed citizens of the States in
which they are respectively located."  28 U.S.C. § 1348.  The term "located" has not been
further defined by the statute.  Wells Fargo argues, however, that in *Wachovia Bank, N.A.
v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court implied that "located" as used in §
1348 should be construed to mean that a national banking association is a citizen only of
the place where it has its "main office."  For Wells Fargo, such a ruling would mean that
it is a citizen of only South Dakota for purposes of diversity jurisdiction.

     The Supreme Court's opinion in *Schmidt* does not require such a narrow reading.
Interpreting § 1348 since *Schmidt*, numerous district courts in this circuit have interpreted
"located" as used in § 1348 to include the state in which the national banking association
has its principal place of business.  *See, e.g., Olson v. Wells Fargo Bank, N.A.*, — F.
Supp. 2d. —, 2013 WL 4407495 (C.D. Cal. Aug. 1, 2013); *Tahney v. Wells Fargo Bank,
N.A.*, 878 F. Supp. 2d 1093 (E.D. Cal. 2012).  These courts have specifically found Wells
Fargo to be a citizen of both South Dakota and California.

     While recognizing that there is disagreement within this circuit and among circuits
as to Wells Fargo's citizenship, the Court agrees with the analysis of its sister courts that
have interpreted § 1348 and found Wells Fargo to be a citizen of California for purpose
of diversity jurisdiction.  Accordingly, because Plaintiff is also a California citizen, the
Court cannot exercise diversity jurisdiction over this matter.  The action is hereby
**REMANDED** to Orange County Superior Court.

rrd

MINUTES FORM 11
CIVIL-GEN                                        Initials of Deputy Clerk MU